IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MICHAEL GONZALES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04-791-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits. Plaintiff asserts disability beginning January 30, 2000, due to brittle type 1 diabetes. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

1 - ORDER

Plaintiff contends the ALJ erred in: (1) finding that plaintiff can perform past relevant work as a "sales manager"[1]; (2) improperly rejecting plaintiff's statements that his severe insulin fluctuations prevent plaintiff from working an eight-hour day; and (3) improperly rejecting plaintiff's treating physician's opinion that plaintiff's severe diabetes would cause plaintiff to miss about four days of work a month. The court agrees that the ALJ erred in rejecting the opinion of plaintiff's treating physician and a remand for an award of benefits is appropriate.

Dr. Douglas G. Crane opined that working full time would impair plaintiff's ability to control his diabetes because managing his illness has become a full time affair in and of itself. Tr. 518. Dr. Crane further opined that plaintiff's symptoms interfere with plaintiff's ability to concentrate, he requires unscheduled breaks daily for about an hour at a time, and he is likely to miss work about four days per month. Tr. 521-22. No other medical source has contradicted this opinion.

Where an ALJ chooses to disregard the opinion of a treating physician, he must set forth clear and convincing reasons for doing so if the treating physician's opinion is not contradicted by another doctor. Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir. 1985). If a

---

[1]Plaintiff's actual past relevant work was as a branch manager which included doing sales work and lifting supplies and equipment weighing over 100 pounds. The Dictionary of Occupational Titles describes a "sales manager" as sedentary skilled work that does not include the task of selling.

treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). To meet this burden the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings. Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988). The rationale for giving a treating physician's opinion greater weight is that he is employed to cure and has a greater opportunity to know and observe the patient as an individual. Winans v. Bowen, 820 F.2d 1519, 1523 (9th Cir. 1987).

The ALJ rejected Dr. Crane's opinion because he found Crane to be under the impression that plaintiff continued to work, because plaintiff is non-compliant with his treatment recommendations, because Dr. Crane was not aware of plaintiff's activity level, and because Dr. Crane has not reported plaintiff to the Oregon Department of Motor Vehicles. Tr. 55. On the one hand the ALJ indicates that Dr. Crane is under the impression that plaintiff engages in a substantial work load that interferes with plaintiff's treatment recommendations of carefully monitoring his insulin and eating on a tight schedule, but on the other hand is under the impression that plaintiff is participating in a lower than actual activity level. While the ALJ interprets the record to indicate that plaintiff

3 - ORDER

continued working, he faults Dr. Crane for doing the same thing. The ALJ agrees that the record does not support substantial gainful activity and Dr. Crane's opinion that a full-time work schedule would cause plaintiff to miss four days of work a month is not contradicted by the record.

The record does not support significant non-compliance with treatment recommendations. While the ALJ points to plaintiff's continued moderate drinking and smoking, he does not demonstrate that Dr. Crane was unaware of this or how it impacts his opinion. Moreover, the record demonstrates significant monitoring of blood sugar levels and even the use of an insulin pump to control blood sugar levels. See Tr. 588, 620, 636, 646, 649-50. In addition, it is the ability to control plaintiff's condition that is the basis of Dr. Crane's opinion and thus the ALJ's assertion that plaintiff is non-compliant does not provide a clear and convincing reason for discrediting Dr. Crane's opinion.

The ALJ's assertion that Dr. Crane should report plaintiff to the DMV also does not discredit the opinion. Indeed Dr. Crane instructed plaintiff not to drive long distances and to check his blood sugar before he drives. Tr. 646. This is not inconsistent with his opinion.

The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone

v. Heckler, 761 F.2d 530 (9th Cir. 1985)). Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings. McAllister v. Sullivan, 880 F.2d 1086 (9th Cir. 1989).

Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, the court generally credits that opinion as a matter of law. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir.1989). Dr. Crane's opinion establishes disability because there are no employers in significant numbers in the national economy who would tolerate absences of four days per month and a need for unscheduled breaks daily for about an hour at time. Cf. Benecke v. Barnhart, 379 F.3d 587 (In the unusual social security disability case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony, remand for an immediate award of benefits is appropriate).

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and the case remanded for an award of benefits.

DATED this 17th day of October, 2005.

*Michael R. Hogan*
UNITED STATES DISTRICT JUDGE